

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00014-CR
_____

GARY WAYNE BLANKENSHIP, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F 15111

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

Gary Wayne Blankenship pled guilty to family violence assault with a prior conviction for family violence assault, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (Supp.). Pursuant to a plea bargain agreement with the State, the trial court placed Blankenship on deferred adjudication community supervision for a period of six years. The State later moved to revoke Blankenship's community supervision and to proceed to an adjudication of his guilt. Blankenship pled true to two of the State's allegations that he had violated the terms and conditions of his community supervision and, after an evidentiary hearing, the trial court granted the State's motion, adjudicated Blankenship's guilt, and sentenced him to eight years' incarceration. Blankenship appeals.

Blankenship's attorney has filed a brief stating that he has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On August 17, 2022, counsel mailed to Blankenship copies of the brief, the motion to withdraw, and a pro se motion for access to the appellate record lacking only Blankenship's

signature. Blankenship was informed of his rights to review the record and file a pro se response. By letter dated August 17, this Court informed Blankenship that a pro se motion for access to the appellate record was due on or before September 1. On September 20, this Court also informed Blankenship that any pro se brief would be due October 20. On November 3, we further informed Blankenship that the case would be set for submission on the briefs on November 28. We received neither a pro se response from Blankenship nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[1]


Charles van Cleef
Justice

Date Submitted:     November 28, 2022
Date Decided:       November 29, 2022

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.